**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LINCARE INC., a**
**Delaware corporation,**

**Plaintiff,**

**v.** **CASE NO. 8:07-cv-00786-T-23MSS**

**JAMES DOYLE and**
**DOYLE RESPIRATORY, LLC,**

**Defendants.**
______________________________________/

**DEFENDANTS' DISPOSITIVE MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**
**(WITH INCORPORATED MEMORANDUM**

The Defendants, JAMES DOYLE ("the Defendant Mr. Doyle" or "Mr. Doyle"), and DOYLE RESPIRATORY, LLC, ("the Defendant Doyle Respiratory" or "Doyle Respiratory") (collectively, "the Defendants"), by and through their undersigned counsel and pursuant to Rule 13(b)(2) of the Federal Rules of Civil Procedure, hereby move this Court for entry of an order dismissing this action against both Defendants for lack of personal jurisdiction.

**A.**

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION**
**TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

The Defendants, JAMES DOYLE ("the Defendant Mr. Doyle" or "Mr. Doyle") and DOYLE RESPIRATORY, LLC, ("the Defendant Doyle Respiratory" or "Doyle

Respiratory"), hereby submit this memorandum pursuant to Local Rule 3.01(a) and in support of their "Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction":

**I.**

**THE STATUS OF THE CASE**

This action was filed on May 7, 2007 (Dkt. 1), and the complaint was served up on the Defendants in Rhode Island on May 15, 2007. Simultaneously with this motion, the Defendants have filed a motion to transfer the action from this Court to the United States District Court for the District of Rhode Island and a request for oral argument.

**THE KEY FACTS**

This case involves respiratory therapy and related equipment. The Defendant Mr. Doyle partially owned a company that was purchased by the Plaintiff Lincare in December, 2004. As part of that transaction, Lincare employed Mr. Doyle as the manager of its office in Fall River, Massachusetts. Mr. Doyle worked in that office from January 1, 2005, through early May, 2005. Mr. Doyle's employment agreement with Lincare contained various restrictive covenant provisions, so those restrictive covenants expired in early May, 2007. Before the covenants expired, though, Mr. Doyle established the other Defendant, Doyle Respiratory, LLC, and began competing with Lincare in Massachusetts and Rhode Island in early February, 2007. Accordingly, this case involves a period of three (3) months in which Mr. Doyle, acting through Doyle Respiratory, engaged in the same business as Lincare within the same territory. Doyle Respiratory engaged in competition with Lincare with the consent and approval of senior management of Lincare residing in Connecticut. The quid pro quo was that Doyle Respiratory would refer other lucrative business to Lincare. Now, inexplicably having

received tens of thousands of dollars worth of referrals, Lincare wants to reverse its earlier decisions and enforce the sued-upon restrictive covenant against Mr. Doyle. It now, of course, is estopped to do so, and estoppel will be asserted as an affirmative defense if and when the Defendants plead their affirmative defenses.

Although Mr. Doyle established Doyle Respiratory in October, 2006, that fact is irrelevant. The allegedly-wrongful conduct of competing for respiratory therapy business began in early February, 2007, and that competition marked the beginning of the allegedly-wrongful conduct. The law in Florida is well-established that mere preparation to compete, even while employed by a soon-to-be left employer, is permissible. See, e.g., Harlee v. Professional Services Industries, Inc., 619 So.2d 298 (Fla. 3d DCA 1992), rev. denied, 629 So.2d 134 (Fla. 1993); Fish v. Adams, 401 So.2d 843 (Fla 5th DCA 1981); Insurance Field Services, Inc. v. White & White Inspection & Audit Services, Inc., 384 So.2d 303 (Fla. 5th DCA 1980). Accordingly, the conduct of Mr. Doyle in establishing Doyle Respiratory (and in establishing its business facilities) is in and of itself not actionable.

## II.

## THE PERTINENT JURISDICTIONAL LEGAL PRINCIPLES

Despite the broad terminology of Paragraph 8 of the sued-upon "Employment Agreement," Florida appellate law is clear that a consent to-personal-jurisdiction provision in a written agreement is insufficient to confer personal jurisdiction; Florida's "long-arm" statute also must be satisfied.

Under Florida law, clauses conferring personal jurisdiction are insufficient to establish in persona jurisdiction, absent as independent basis for jurisdiction under the long-arm statute. See McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla. 1987):

> The [Florida Supreme Court] viewed the clause as an "attempt to establish personal jurisdiction in the first instance over an objecting defendant who has done none of the acts set forth in [the long-arm statue]." Id. at 543. The Florida Supreme Court, therefore, declared that the contractual clause by itself was insufficient to establish in persona jurisdiction over a nonresident defendant. Id.
> After McRae, Florida courts will not exercise jurisdiction solely on the basis of a contractual provision conferring jurisdiction if the nonresident's acts do not satisfy the state long-arm statute.

Alexander Proudfoot Co. World Headquarters L.P. & APCO, Inc. v. Thayer, 877 F. 2d 912, 919-920 (11th Cir. 1989).

A. “Long-Arm Jurisdiction”

A. The Statute.

Section 48.193, Fla. Stats., reads in part:

(1) Any person, whether or not a citizen of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b) Committing a tortious act within this state.

(c) Owning, using, possessing, or holding a mortgage or other lien on any property within this state.

(d) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of defendants, maintaining a matrimonial domicile in this state at the time of the commencement of the action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.

(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

1. The defendant was engaged in solicitation or service activities within this state; or

2. Products materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

(h) With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

B. The Doyle Affidavit.

In his affidavit testimony, the Defendant Mr. Doyle states that neither he nor Doyle Respiratory,

1. Has operated, conducted, engaged in, or carried on a business or business venture in Florida during the relevant period;

2. Has had an office or agency in Florida during the relevant period;

3. Committed a tortious act within Florida during the relevant period;

4. Owned, used, possessed, or held a mortgage or other lien on any property within Florida during the relevant period;

5. Contracted to insure any person, property, or risk located within Florida at the time of contracting during the relevant period;

6. Maintained a matrimonial domicile within Florida during the relevant period;

7. Caused injury to Lincare within Florida during the relevant period by way of an act or omission that arose outside of Florida while, at or about the time of injury;

   a. Were engaged in solicitation or service activities within Florida; or

   b. Processed, served, or manufactured products, materials, or things anywhere that were used or consumed within Florida in the ordinary course of commerce, trace, or use;

8. Breached a contract in Florida by failing to perform acts for Lincare required by the contract to be performed in Florida; or

9. Engaged in substantial and not isolated activity within Florida, whether that activity was wholly interstate, intrastate, or otherwise, during the relevant period.

C. <u>The Allegations Of Lincare's Complaint</u>

In its complaint, the Plaintiff Lincare seeks to found personal jurisdiction on two (2) points: (i) certain contractual language and (ii) the fact that Mr. Doyle allegedly sent certain reports to Lincare in Florida. Neither of these points provides personal jurisdiction over Mr. Doyle or his company, and the latter point is not correct (Doyle Aff., ¶10)

1. <u>The Contractual Language</u>.

Paragraph 8 of the Defendant Mr. Doyle's "Employment Agreement" of December 25, 2004, states in its entirety:

> 8. Governing Law
>
> The interpretation and performance of this Agreement shall be governed by the Laws of the State of Florida, without giving effect to its conflicts of laws provisions. Each party hereby agrees that exclusive jurisdiction for any claims, demands, lawsuits, proceedings, and controversies arising from or relating to this Agreement shall lie in federal or state courts of general jurisdiction located in the State of Florida, and any such claims, demands, lawsuits, proceedings and controversies shall exclusively be brought and heard in the federal or state courts of general jurisdiction located in the State of Florida. Each party hereby consents to the subject matter and personal jurisdiction of such courts in respect thereof.

(Emphasis supplied.) (Complaint, Exhibit B)

When a federal court in Florida sits in diversity and must determine whether a forum selection clause confers personal jurisdiction over a non-resident defendant, Florida state substantive law controls. *Alexander Proudfoot Co. World Headquarters L.P. and Apco, Inc. v. Thayer*, 877 F.2d 912, 919 (Fla. 1989). For this court to exercise personal jurisdiction over a non-resident defendant, the plaintiff must satisfy: (i) Florida's 'long-arm" statute and (ii) constitutional notions of due process. *Posner v. Essez Ins. Co., LTD*, 178 F.3d 1209, 1214 (11th Cir, 1999); *Wallock v. Worldwide Machinery Sales, Inc.*, 278 F.Supp. 1358, 1365 (M.D. Fla. 2003); *Thayer, supra*, at 919. Where (as in this case) the defendant has freely consented to suit in a specific forum the due process analysis is unnecessary. *Alexander Proudfoot Co. World Headquarters, L.P. and Apco, Inc. v. Thayer*, 877 F.2d 912, 919 (11th Cir. 1989), *quoting from Burger King Corp v. Rudzewicz*, 471 U.S. 462, (U.S. 1985). A defendant's uncoerced consent to a forum constitutes a waiver of the defendant's right to assert that the exercise of personal jurisdiction in such a case would violate his due process rights. *Burger King Corp.*, *supra*, Accordingly, the only issue to be decided in determining whether this court may

exercise personal jurisdiction over such a non-resident defendant is whether the defendant has engaged in conduct that triggers Florida's "long-arm" statute, Section 48.193, Fla. Stats.

Turning to the Florida "long-arm" statute, it is clear that (i) the complaint alleges no conduct triggering Florida's "long-arm" statute and (ii) neither Defendant has engaged in any such conduct:

1. Neither Defendant has operated, conducted, engaged in, or carried on a business or business venture of any kind in Florida during the relevant period, (Doyle Aff., ¶7), and the Plaintiff Lincare nowhere alleges Section 48.193(a), Fla. Stats., as a basis for this court's exercise of personal jurisdiction over either Defendant in this action.

2. Neither Defendant has had an office or agency of any kind in Florida during the relevant period (Doyle Aff., ¶7), and the Plaintiff Lincare nowhere alleges Section 48.193 (a), Fla. Stats., as a basis for this court's exercise of personal jurisdiction over either Defendant in this action.

3. Neither Defendant has committed a tortious act within Florida during the relevant period (Doyle Aff., ¶8), and the Plaintiff Lincare nowhere alleges Section 48.193(b), Fla. Stats. as a basis for this court's exercise of personal jurisdiction over either Defendant in this action.

4. Neither Defendant has owned, used, possessed, or held a mortgage or other lien on any property within Florida during the relevant period (Doyle Aff., ¶7), and the Plaintiff Lincare nowhere alleges Section 48.193(c), Fla. Stats. as a basis for this court's exercise of personal jurisdiction over either Defendant in this action.

5. Neither Defendant has contracted to insure any person, property, or risk located within Florida during the relevant period (Doyle Aff., ¶7), and the Plaintiff Lincare nowhere alleges Section 48.193(d), Fla. Stats. as a basis for this court's exercise of personal jurisdiction over either Defendant in this action.

6. Not Applicable.

7. Neither Defendant has engaged in solicitation or service activities within Florida or processed, serviced, or manufactured any products, materials, or things used or consumed within this state in the ordinary course of commerce, trade, or use. (Doyle Aff., ¶7, 8).

8. Neither Defendant has breached a contract in this state by failing to perform acts required by the contract to be performed in this state. (Doyle Aff., ¶7, 8).

9. Not applicable.

10. Neither Defendant has engaged in substantial and not isolated activity within Florida. ((Doyle Aff., ¶7, 8).

Accordingly, it is painfully clear that (i) the Plaintiff Lincare Inc. has not alleged any conduct on the part of any Defendant that satisfies Florida's "long arm" statute and (ii) Lincare <u>cannot</u> allege any such conduct.

## III.

## ARGUMENT AND CONCLUSION

Paragraph 13 of the complaint alleges the Defendant Mr. Doyle's alleged contacts with Florida:

> 13. During his tenure at Lincare, Doyle maintained a panoply of direct contact with the State of Florida, in connection with his employment. Because Lincare is headquartered in the State of Florida, (a) his salary was received from the State of Florida, (b) his monthly payment in partial consideration for the non-competition covenant was received from the State of Florida, (c) his business expense reporting was made to Lincare personnel in the State of Florida and reimbursement or payment for same was received from the State of Florida; and (d) insofar as Doyle received a portion of the purchase price payment from the acquisition at its closing, or in the form of deferred purchase piece payments made after closing by Lincare by virtue of his ownership interest in stock options

or warrants of RSI, such payments were made from the State of Florida.

Although paragraph 13 may be of interest in connection with a constitutional "due process" analysis, it alleges nothing bearing upon the requirements of the "long-arm" statute. Nowhere does the complaint allege any facts that satisfy any provision the Florida "long-arm" statute. Nor does any other allegation of the complaint.

Accordingly, this Court should dismiss the Plaintiff Lincare's "Complaint For Injunctive Relief And Damages" for lack of personal jurisdiction over either Defendant.

DATED this 30th day of July, 2007.

*/s/ Thomas T. Steele*
Thomas T. Steele
tsteele@steelelawgroup.com
Florida Bar No. 158613
Jason A. Watson
jwatson@steelelawgroup.com
Florida Bar No. 30651
Steele, Watson & Benner, P.A.
201 E. Kennedy Blvd., Suite 425
Tampa, FL 33602
Telephone (813) 223-2060
Facsimile (813) 223-2065

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 30th day of July, 2007, I electronically filed the foregoing "Defendants' Dispositive Motion To Dismiss For Lack Of Personal Jurisdiction" with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

John A. Anthony, Atty.
Gray Robinson, P.A.
201 N. Franklin Street, Suite 2200
Tampa, FL 33601-3324
janthony@gray-robinson.com

Kelly A. Keller, Atty.
Gray Robinson, P.A.
201 N. Franklin Street, Suite 2200
Tampa, FL 33601-3324
kkeller@gray-robinson.com

*/s/ Thomas T. Steele*
Thomas T. Steele, Atty.