**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LINCARE INC., a**
**Delaware corporation,**

**Plaintiff,**

**v.** **CASE NO. 8:07-cv-00786-T-23MSS**

**JAMES DOYLE and**
**DOYLE RESPIRATORY, LLC,**

**Defendants.**
______________________________/

# AFFIDAVIT OF JAMES DOYLE

BEFORE ME, the undersigned authority, personally appeared JAMES DOYLE, who after being by me duly sworn, states:

1. I am the individual Defendant in this lawsuit.

2. I am, and at all times material to this lawsuit have been, a citizen and resident of the State of Rhode Island. I, together with my wife and child, currently reside at 8 Massasoit, Pawtucket, Rhode Island 02681.

3. I am, and at all times material to this lawsuit have been, over the age of 21 years; except where and to the extent noted, I have personal knowledge of each of the facts set forth in this Affidavit; and I understand that this Affidavit will be considered by the Court in deciding the pending "Defendants' Dispositive Motion To Dismiss For Lack Of Personal Jurisdiction" (With Incorporated Memorandum) and "Defendants' Dispositive Motion, To Transfer Venue (With Incorporated Memorandum)."

4. I was employed by Respiratory Solutions, Inc. ("RSI") for approximately three (3) years, through late December 2004; as of late December 2004, I was a minority shareholder in RSI. The business of RSI involved providing oxygen and other respiratory-related therapy equipment to individual patients located in Massachusetts and Rhode Island. At no time during this period did I reside, work, have any office, or service patients located outside those two (2) states. More specifically, at no time during this period was RSI registered to do business in the State of Florida, actually conducting business in the State of Florida, having or maintaining employees or other representatives in the State of Florida, maintaining a bank account in the State of Florida, or servicing patients located in the State of Florida. It simply had no Florida business contacts of any kind. Nor did I.

5. On or about December 24, 2004, the owners of the common stock in RSI sold substantially all of the assets of the company to Lincare Inc. Lincare kept the business units generally intact, providing oxygen and other respiratory-related therapy equipment to individual patients located in Massachusetts and Rhode Island. I remained employed by Lincare Inc. from approximately January 1, 2005, through February 2005 at its Fall River, Massachusetts, facility. My duties included the management of the territory comprised of certain hospitals located in Massachusetts and Rhode Island.

6. While I was employed by Lincare Inc., I:

A. Never visited the State of Florida or any Florida-based operation of the Lincare Inc. business;

B. Never sent reports of any kind directly to Lincare Inc. in the State of Florida (I reported directly to

Lincare's Peter Fontaine and other Lincare senior managers located in Connecticut, Massachusett, and Rhode Island);

C. Never owned any property located in the State of Florida;

D. Never maintained any bank accounts at any financial institution located in the State of Florida;

E. Never called upon or serviced any patients located in the State of Florida;

F. Never contacted any hospitals or patients located in the State of Florida; and

G. Never otherwise operated, conducted, engaged in, or carried on any business or business venture for Lincare Inc. in the State of Florida.

7. Approximately eighteen (18) months after my resignation from Lincare, in October, 2006, I organized the Defendant Doyle Respiratory, LLC, as a limited liability company organized under the laws of the State of Rhode Island, and at all times material to this lawsuit I have been the sole owner of Doyle Respiratory. I am authorized to execute this Affidavit on behalf of Doyle Respiratory. Other than several technicians and office personnel, I am the sole management person employed by Doyle Respiratory. Since its inception, Doyle Respiratory has focused on providing oxygen and other respiratory-related therapy equipment to individual patients located in Massachusetts and Rhode Island. Since its inception, neither Doyle Respiratory nor I have:

A. Registered to do business of any kind in the State of Florida;

B. Operated, conducted, engaged in, or carried on any business of any kind in the State of Florida;

C. Maintained any office or other agency or similar facility in the State of Florida;

D. Owned, used, possessed, or held a mortgage or other lien on any real property located in the State of Florida;

E. Serviced any patients or other customers located in the State of Florida;

F. Solicited or contacted any hospitals or patients located in the State of Florida;

G. Otherwise engaged in any business of any kind in the State of Florida.

H. Committed a tortious act within the State of Florida;

I. Contracted to insure any person, property, or risk located within the State of Florida;

J. Caused injury to any person or property in Florida arising out of any act or omission by Doyle Respiratory outside the State of Florida if, at the time of the injury, Doyle Respiratory was engaged in solicitation or service activities within Florida or

was processing, servicing, or manufacturing any products, materials, or things that were used or consumed within Florida in the ordinary course of commerce, use, or trade;

K. Breached any contract in Florida by failing to perform acts required by the sued-upon contract to be performed in the State of Florida; or

L. Engaged in substantial and not isolated personal or business activity in the State of Florida.

8. While employed by Doyle Respiratory, I have focused my business activities on providing oxygen and other respiratory-related therapy equipment to patients located in Massachusetts and Rhode Island. During my business activities for Doyle Respiratory neither, I have:

A. Never registered to do business of any kind in the State of Florida;

B. Never operated, conducted, engaged in, or carried on any business of any kind in the State of Florida;

C. Never maintained any office or other agency or similar facility in the State of Florida;

D. Never owned, used, possessed, or held a mortgage or other lien on any real property located in the State of Florida;

E. Never serviced any patients or other customers located in the State of Florida;

F. Never solicited or contacted any hospitals or patients or other customers (including distributors and manufacturers of durable medical equipment located in the State of Florida;

G. Never otherwise engaged in any business of any kind in the State of Florida.

H. Never committed a tortious act within the State of Florida;

I. Never contracted to insure any person, property, or risk located within the State of Florida;

J. Never caused injury to any person or property in Florida arising out of any act or omission by Doyle Respiratory outside the State of Florida;

K. Never breached any contract in Florida by failing to perform acts required by the sued-upon contract to be performed in the State of Florida; and

L. Never engaged in substantial and not isolated personal or business activity in the State of Florida.

9. This case belongs in Rhode Island because:

A. The Defendant Mr. Doyle is a citizen and resident of the State of Rhode Island;

B. The Defendant Doyle Respiratory, is a limited liability company organized and existing under the laws of Rhode Island;

C. The allegedly-violated restricted territory includes only Rhode Island and a portion of Massachusetts;

D. The key witnesses and document (hospitals and patients) are located in or around Massachusetts and Rhode Island;

E. The key witnesses and documents (Doyle Respiratory, LLC) all are located in or around Pawtucket, Rhode Island;

F. The key witnesses and documents (Lincare Inc.) all are located in Massachusetts, Rhode Island, and Connecticut.

G. The key witnesses and documents (distributors and manufacturers of durable medial equipment) are located in or around Massachusetts and Rhode Island;

H. The key witnesses from Medicare/Medicaid are located in Massachusetts and Rhode Island;

I. The vast majorities of the witnesses for both sides are located in Connecticut, Massachusetts, and

Rhode Island, and a Florida forum would be extremely expensive and inefficient.

10. While I was employed by Lincare Inc., I submitted all reports to my immediate Lincare supervisor, Peter Fontaine, who lived and worked in the Massachusetts and Rhode Island areas; to the best of my knowledge, I never submitted any report or other writing to anyone working in Florida for Lincare.

11. After Doyle Respiratory was organized in late 2006, it did not enter the marketplace, to do business in the respiratory therapy business or any other business, until early February, 2007. Thus far, Doyle Respiratory has generated less than $10,000 in gross revenues since early February, 2007.

12. When Doyle Respiratory began operating, I specifically told Peter Fontaine of Lincare, who advised me (i) to stay in business and (ii) to refer requests for durable medical equipment to him. He subsequently advised me that two (2) of his supervisors, Christopher Ziff and Gordon Worley (both of whom live in Connecticut), were aware of the operations of Doyle Respiratory and had encouraged him (Mr. Fontaine) to encourage me to continue to refer requests for durable medical equipment and other products to Lincare with few exceptions. Doyle Respiratory has continued to make those referrals.

* Remainder of page left blank intentionally

FURTHER AFFIANT SAYETH NOT.

AFFIANT

STATE OF ~~RHODE ISLAND~~ Massachusetts)

COUNTY OF Bristol )

The foregoing Affidavit was sworn to and subscribed before me this 7 day of July 2007, by James S Doyle Jr, who is:

Personally known to me ______ or who
Produced Identification X
Type of Identification Produced RI DL

Notary Public (Signature)

(SEAL)

Notary Public (print or type)
My Commission Expires:

MARK R. CHARETTE
Notary Public
Commonwealth of Massachusetts
My Commission Expires
AUGUST 25, 2011