**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NUMBER: 8:07-cv-00786-T-23MSS**

LINCARE INC., a Delaware corporation,

Plaintiff,

vs.

JAMES DOYLE and
DOYLE RESPIRATORY, LLC.,

Defendants.
_______________________________________/

**LINCARE INC.'S OPPOSITION TO DEFENDANTS' DISPOSITIVE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (WITH INCORPORATED MEMORANDUM)**

Plaintiff, Lincare Inc. ("Lincare"), pursuant to Local Rule 3.01(a), submits this memorandum in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (With Incorporated Memorandum).

## STATUS OF THE CASE

Lincare filed this action against Defendants for injunctive relief and damages, asserting causes of action for breach of contract injunctive relief, breach of contract damages, breach of fiduciary duty – confidential data, common law conversion and quantum meruit. Defendants responded to the Complaint by filing motions challenging personal jurisdiction and venue. Defendants' jurisdiction motion should be denied for the reasons set forth hereinafter. This Opposition will only address Defendants' jurisdictional motion. Defendants' venue motion will be addressed by a separate Opposition.

**RELEVANT FACTS**

On December 29, 2004, Lincare and Doyle entered into an Employment Agreement (“Agreement”), a copy of which is attached hereto and incorporated herein as Exhibit “A”. The execution of the Agreement was in connection with closing of an Asset Purchase Agreement among Lincare, Respiratory Solutions, Inc. (“RSI”), its subsidiaries, and certain of its shareholders on December 29, 2004. Doyle was previously employed by RSI or a subsidiary and possessed an ownership interest in RSI at the time of the transaction’s closing. Upon consummation of the asset purchase transaction, in consideration of the purchase of RSI and substantially all of its assets, Lincare’s corporate headquarters in Florida caused monies to be wired to RSI. Because Doyle possessed an ownership interest in RSI, he would have been a beneficiary of Lincare’s payment to RSI.

The Agreement between Lincare and Doyle was created, finalized and executed by Lincare at its corporate headquarters in Clearwater, Florida. The original contract was retained in Florida. The Agreement envisioned continuing contacts by Doyle, directly or indirectly, with Lincare’s corporate headquarters in Florida. Additionally, Doyle had continuing obligations to Lincare’s corporate headquarters in Florida under the Agreement – for example, not to violate a non-competition provision, not to disclosure confidential information and not to violate policies and procedures established by Lincare.

The Agreement contained a Non-Competition provision which provided that for two years after the date Doyle’s employment with Lincare ceased for any reason, Doyle would not compete with Lincare. The Agreement also contained a Confidentiality and Non-Solicitation provision which provided that Doyle would not disclose proprietary and/or confidential information, or make use of such information, after his employment with Lincare ceased.

Notwithstanding these provisions, Doyle resigned from Lincare on May 6, 2005, and thereafter violated the Non-Competition provision of the Agreement by creating Doyle Respiratory, LLC, which competed with Lincare within the two year non-competition period. Upon information and belief, Doyle also violated the Confidentiality and Non-Solicitation provision of the Agreement by improperly utilizing proprietary and confidential information supplied to him by Lincare.

Upon learning of these and other violations, Lincare filed the present action. Any damages due to Lincare by Defendants for violation of the Non-Competition provision of the Agreement by Doyle will be calculated by and paid to Lincare's corporate headquarters in Florida. Likewise, any damages due to Lincare by Defendants for violation of the Confidentiality and Non-Solicitation provision or pursuant to Lincare's quantum meruit claim will be paid to Lincare's corporate headquarters in Florida.

**JURISDICTIONAL ARGUMENT**

Defendants assert the Court lacks personal jurisdiction over them because a consent to personal jurisdiction provision in a written agreement is insufficient to confer personal jurisdiction; Florida's long-arm statute must also be satisfied. Relying upon *McRae v J.D./M.D., Inc.*, 511 So.2d 540 (Fla. 1987), Defendants assert there is no independent basis for personal jurisdiction under the long-arm statute. Defendants filed an Affidavit purportedly supporting their contention. However, Defendants' position is wrong for two primary reasons: (1) the facts of *McRae* are distinguishable from the facts in the present case, and (2) Defendants are improperly using their current relationship to the State of Florida in arguing their position, when the analysis should properly be based upon Doyle's relationship to Florida when he was a signatory to the Employment Agreement between Lincare and Doyle which forms the basis for

Lincare's claims against Doyle, and the breach of that Agreement by the formation of Doyle Respiratory, LLC.

In making their argument, Defendants ignore the fact that at all times relevant to this dispute, Doyle was a party to an Employment Agreement which was executed in Florida, and which envisioned many contacts, directly or indirectly, between Doyle and Lincare's corporate headquarters in Florida. Defendants also ignore the fact that the creation of Doyle Respiratory, LLC enabled Doyle to consummate a breach of the Agreement. If one were to accept the Defendants' jurisdictional argument, a Florida Court could never have jurisdiction over a non-resident Defendant who breaches a Florida non-competition contract by setting up a new out-of-state corporation with no contacts with Florida. Defendants' position is simply not the law. Hereinafter, a reference to Doyle will also include Doyle Respiratory, LLC for acts occurring after Doyle's departure from Lincare but relating to the breach of the subject Agreement.

Lincare does not contest the basic holding in *McRae* that a contractual choice of forum clause designating Florida as the forum cannot serve as the sole basis for asserting in personam jurisdiction over an objecting, non-resident defendant, but Lincare does contest that *McRae* bars in personam jurisdiction under the facts of the present case.

In *Wendt v Horowitz*, 822 So.2d 1252 (Fla. 2002), the Supreme Court of Florida articulated a two-step inquiry for determining whether long-arm jurisdiction over a non-resident defendant in a given case is proper. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the long-arm statute; and if it does, the next inquiry is whether sufficient minimum contacts are demonstrated to satisfy due process requirements. *The first prong* – i.e., the statutory prong – is governed by Florida's long-arm statute and *bestows broad jurisdiction on Florida courts*. For example, a court can exercise

personal jurisdiction whenever a non-resident defendant violates Florida Statute §48.193(1)(g) or (2). *The second prong* – i.e., the constitutional prong – is controlled by United States Supreme Court precedent interpreting the due process clause.

The constitutional prong is easily satisfied in this case. Because Doyle contractually agreed to personal jurisdiction in Florida, the usual due process analysis need not be done. As the United States Supreme Court noted in *Burger King*, 471 U.S. 462, 473 fn 4 (1985), the due process analysis is unnecessary where a non-resident defendant has consented to suit in a forum. Quite simply, parties to a contract may agree in advance to submit to the jurisdiction of a given court. The enforcement of an agreement conferring jurisdiction does not offend due process when the provision is freely negotiated and is not unreasonable or unjust. See also *Alexander Proudfoot Company World Headquarters, L.P. v Thayer*, 877 F. 2d 912 (11th Cir. 1989). Additionally, Doyle had sufficient minimum contacts to satisfy due process.

Having established the constitutional prong has been satisfied, we must now turn to the statutory prong to determine whether Lincare's Complaint and proof allege sufficient jurisdictional facts to satisfy the statutory prong established in *Wendt*.

Florida Statute §48.193 provides:

> "Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself…to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts…
>
> (g) breaching a contract in this State by failing to perform acts required by the contract to be performed in this State….
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."

As previously noted, the subject Employment Agreement was created, finalized and executed in Florida. It envisioned continuing contacts by Doyle, directly or indirectly, with Lincare's corporate headquarters in Florida and involved continuing obligations by Doyle to Lincare's corporate headquarters. See Affidavit of Gordon M. Worley, which is attached hereto and incorporated herein as Exhibit "B". The Affidavit states numerous contractual relationships between Lincare and Doyle involving the State of Florida.

Taking the facts alleged in the Complaint and the facts set forth in Mr. Worley's Affidavit into consideration, it is easy to see why the *McRae* case so heavily relied upon by the Defendants is distinguishable on its facts. In *McRae,* a Delaware corporation whose business was providing expert witnesses to assist parties in litigation, provided an expert witness to McRae, an attorney, and his client, in Mississippi. The expert was to provide testimony in a medical malpractice case pending in Mississippi. The facts showed that all the parties' negotiations took place between Mississippi and J.D.'s New Jersey office. However, the contract contained the following clause which formed the basis for the issue presented in this case:

> It is agreed that this agreement, wherever executed, shall be construed in accordance with the laws of the State of Florida and venue shall be in Palm Beach County, Florida.

J.D. filed a Complaint in Florida alleging McRae and his client breached the contract. McRae challenged personal jurisdiction under the facts of the case. The Supreme Court held that a contractual choice of forum clause like the one above cannot serve as the <u>sole</u> basis for asserting in personam jurisdiction over an objecting, non-resident defendant. Upon examining the facts in *McRae*, the Supreme Court concluded that <u>all</u> contacts between the parties went

through J.D.'s New Jersey office and that Florida had absolutely no connection with the transaction; the contract was neither negotiated here nor was it even partly performed here.

Unlike *McRae,* in the present case, Florida had many connections with the Agreement. The contract was prepared in Florida and executed in Florida. The contract was partially performed in Florida by Doyle being required to comply with numerous provisions of the contract, including, among other things, not violating the Non-Competition and Confidentiality provisions of the Agreement. Any damages due from Doyle's breach of the Non-Competition and Confidentiality provisions will be paid to Lincare in Florida. Accordingly, personal jurisdiction is established in the present case by pertinent facts satisfying the requirements of the long-arm statute.

Regarding the fact that damages for breach of the Non-Competition and Confidentiality provisions of the Agreement will be paid to Lincare in Florida, numerous cases have held that when a payment is to be made in Florida, the requirements of §48.1931(g) are satisfied. See, for example, also *Global Satellite Communication Co. v Sudline*, 849 So.2d 466 (Fla. 4th DCA 2003). In *Sudline,* a resident company brought an action against a foreign company and its agent alleging breach of contract for refusal to make a payment. The District Court of Appeal, in reversing the trial court, held the foreign company's failure to make a contractual payment in Florida met the requirements of the State's long-arm statute, and further held that exercising personal jurisdiction over the foreign company complied with federal due process requirements. The court observed that when payments are due to be made under a contract, they are presumed to be paid at the place of residence of the payee. Regarding federal due process, the court, in addition to noting that personal jurisdiction may be conferred by agreement, held that a payment required to be made in Florida, coupled with a Florida venue selection clause in a contract,

satisfies federal due process since the non-resident defendant should reasonably expect to be haled into court in Florida. Defendants' obligation here to pay Lincare in Florida for the breach of contract is an analogous situation.

In *Balboa v Assante*, 958 So.2d 573 (Fla. App. 4th DCA 2007), Assante resided in Broward County at the time of an alleged oral contract. Assante loaned money to Balboa which Balboa promised to repay for proceeds she anticipated receiving from a medical malpractice lawsuit she filed in Arizona. She received a recovery but failed to pay Assante. The case involved a dispute among the parties as to whether they actually entered into a loan agreement. One party asserted there was a loan agreement, whereas the other party asserted the transaction was a gift. It was noted that if the arrangement was a loan agreement, Florida would have had personal jurisdiction over Assante. The court noted that in the absence of an express designation of a place of payment, there is a presumption that it would be paid at the creditor's place of business, and this presumption is sufficient to satisfy the language of §48.1931(g). However, because of the conflicting positions of the party, the court ultimately ruled that a limited evidentiary hearing on jurisdictional issues was required.

The Defendants also rely upon *Alexander Proudfoot Company World Headquarters L.P. v Thayer, supra,* for the proposition that the Florida long-arm statute must be satisfied in addition to a governing law provision in order to obtain personal jurisdiction over a non-resident defendant. However, when the *Thayer* case is examined, it concludes that the Court did have personal jurisdiction over the non-resident, and that the federal due process requirement was met by the presence of a consent to jurisdiction provision.

*Thayer* involved facts not significantly different from those in the present case. Proudfoot filed its action to enforce certain provisions of an employment agreement with Thayer.

Proudfoot sought to enjoin Thayer from competing with Proudfoot, from soliciting its clients, and from using confidential information belonging to Proudfoot.

Proudfoot prepared the employment agreement and mailed it to Thayer's residence in Missouri. The contract was returned by mail to Proudfoot's offices in Palm Beach County, Florida, where Proudfoot's General Manager executed the contract.

The agreement prohibited Thayer from accepting employment with a competitor of Proudfoot for two years after the termination of his employment. The agreement also barred Thayer from using Proudfoot's confidential information. The agreement further provided that Thayer must return confidential documents upon leaving employment with Proudfoot.

While working in another state, Thayer voluntarily resigned from his employment with Proudfoot and shortly thereafter contracted with a competitor to perform work similar to that which he had performed at Proudfoot. Proudfoot believed that Thayer's new employment was in violation of the non-competition covenants and that Thayer violated his employment agreement by disclosing or using Proudfoot's confidential information, and filed suit. Although the court noted many contacts between Proudfoot and Thayer, the court found personal jurisdiction based on the fact that Thayer breached the employment agreement by simply failing to turn over confidential information to Proudfoot in Florida as required by the contract.

In *Burger King Corp., supra*, the United States Supreme Court determined whether the District Court's exercise of jurisdiction pursuant to Florida Statute §48,193(1)(g) offended due process, and concluded that it did not under the facts of the case. In *Burger King*, a Michigan franchisee negotiated with a Florida franchisor for purchase of a franchise and the manifold benefits that would derive from affiliation with a nationwide organization. The franchisee accepted regulation of its business from the Miami, Florida headquarters of Burger King. The

governing contract provided that the franchise relationship is established in Miami and governed by Florida law. The Miami headquarters set policy and worked with the franchisees in attempting to resolve major problems. Day to day monitoring of franchisees was conducted through district offices that in turn reported to the Miami headquarters. When the franchisee failed to make required payments, Burger King filed suit in Florida. It was held under the facts there was jurisdiction pursuant to Florida's long-arm statute and that this did not violate due process clause of the Fourteen Amendment.

The present case has many similarities to that of the *Burger King* case, and the same personal jurisdiction ruling should obtain.

It can be seen from an examination of the above cases that whether a court has in personam jurisdiction over a defendant turns on the facts of the particular case. As shown by the allegations of the Complaint and the Affidavit of Mr. Worley, the Defendants herein are subject to personal jurisdiction in Florida under Florida Statute §48.193(1)(g) and (2). Defendants breached a Florida contract. Damages for the breach will be paid to the Plaintiff in Florida. As a Center Manager, Doyle's employment with Lincare involved receiving and complying with numerous policies and procedures, and being subject to discipline for violations of these policies. Doyle breached his Non-Competition Agreement by creating Doyle Respiratory and competing with Lincare within the two year non-competition period. Upon information and belief, Doyle also violated the Confidentiality and Non-Solicitation provision of the Agreement. As a Center Manager, Doyle would have received periodic proprietary and confidential reports from Florida. The contract provided that Florida law would apply, that venue should lie in Florida and that Doyle consented to Florida having personal jurisdiction over him. Doyle was paid from Florida and was reimbursed for travel vouchers from Florida. Doyle was obligated to deal with Florida

on operational issues. Doyle or an employee to whom he would have delegated the responsibility would have dealt with Lincare Procurement, Inc., an affiliate of Lincare in Florida, on matters of procuring equipment and marketing materials. All of the facts established in Mr. Worley's Affidavit show Doyle and his new company are subject to in personam jurisdiction under §48.193(1)(g) and (2). Further, federal due process requirements have been met by Doyle specifically consenting to personal jurisdiction in Florida, and by having minimal contacts required by due process.

Based upon all of the above, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction should be denied.

Although Lincare does not believe an evidentiary hearing is necessary under the facts of the case, if the Court believes there are any conflicts in the Affidavits or papers submitted by the parties which cannot be harmonized under the rules established in *Venetian Salami Company v J.S. Parthenais,* 554 So.2d 499, (Fla. 1989), Lincare would request a limited evidentiary hearing to resolve any conflicts.

/s/ William A. Gillen, Jr.
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar No. 731013
**WILLIAM A. GILLEN, JR., ESQUIRE**
Florida Bar No. 117015
GRAY ROBINSON, P.A.
201 N. Franklin Street, Suite 2200
Tampa, FL 33601-3324
Telephone: (813) 273-5000
Telecopier: (813) 273-5145
Attorneys for Lincare Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished either by electronic means and/or U.S. Mail on the 31st day of October, 2007, to the following parties:

Mr. James Doyle
8 Massasoit
Pawtucket, RI 02861

Doyle Respiratory, LLC
150 Main Street
Pawtucket, RI 02860`

/s/ William A. Gillen, Jr.
**ATTORNEY**