EMPLOYMENT AGREEMENT

This Agreement ("**Agreement**") made as of the 25th day of December, 2004, by and between LINCARE INC., a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 19387 U.S. 19 North, Clearwater, Florida 33764 (hereinafter referred to as "Lincare") and JAMES DOYLE, an individual having an address at 8 Massasoit Ave, Pawtucket RI 02861 (hereinafter referred to as the "**Employee**").

W I T N E S S E T H:

**WHEREAS**, Lincare purchased and acquired pursuant to an Asset Purchase Agreement (hereinafter referred to as the "Asset Purchase Agreement") among Lincare, Respiratory Solutions, Inc., a corporation duly organized and existing under the laws of the State of Rhode Island (hereinafter referred to as "Company" or "RSI") and the shareholders of Company, substantially all of the assets and business of Company (such transaction is hereinafter referred to as the "Acquisition"); and

**WHEREAS**, Employee has been the Center Manager of the Fall River, Massachusetts office of Company prior to the Acquisition; and

**WHEREAS**, Lincare desires to employ the Employee as the Center Manager for the Fall River, Massachusetts, office of Lincare, which was formerly the office of Company upon the terms and conditions contained in this Agreement; and

**WHEREAS**, the Employee is willing to accept such employment with Lincare upon the terms and conditions contained in this Agreement;

**NOW, THEREFORE**, in consideration of the foregoing and the mutual covenants and agreements herein contained, the parties hereto agree and contract as follows:

1. Employment

Lincare hereby employs the Employee, and the Employee hereby accepts employment with Lincare, subject to: (a) the terms and conditions set forth in this Agreement; and (b) such other terms and conditions of employment as Lincare requires from its employees generally.

inadequate and that in addition to any other rights and remedies to which it may be entitled hereunder, at law or in equity, Lincare shall be entitled to injunctive relief, and reimbursement for all reasonable attorneys' fees and other expenses incurred in connection with the enforcement hereof. It is the intention of Employee and Lincare that this Covenant Not to Compete be fully enforceable in accordance with its terms and that the provisions hereof be interpreted so as to be enforceable to the maximum extent permitted by applicable law. To the extent that any obligation to refrain from competing within an area for a period of time as provided in this Covenant Not to Compete is held invalid or unenforceable, it shall, be modified by the court to the minimum extent necessary to preserve its validity and enforceability such that the purpose of this Covenant Not to Compete, as intended by Employee and Lincare, can be achieved in a lawful manner. The modified obligations (and/or modified restricted Territory) imposed by the provisions of this Covenant Not to Compete shall be fully enforceable as modified. In the event any portion of this Section 6 is held unenforceable or against public policy or otherwise modified by a court of competent jurisdiction to reduce the obligation of, or restrictions upon, Employee shall, within thirty (30) days after such finding immediately reimburse Home all sums paid to Employee since the Covenant Date pursuant to Section 6(d) hereof.

(f) Employee acknowledges and agrees that his representations, warranties, covenants, agreements, commitments and obligations contained in this Section 6 are a condition precedent to Lincare's entering into this Agreement and that Lincare is specifically relying on such representations, warranties, covenants, agreements, commitments and obligations of Employee in entering into and performing this Agreement.

7. Confidentiality and Non-Solicitation

(a) Employee acknowledges that in his employment hereunder, he occupies a position of trust and confidence. Accordingly, in order to facilitate the performance of this Agreement and the activities contemplated by this Agreement, Lincare will disclose to the Employee certain proprietary and/or confidential information or, during the course of his performance hereunder, the Employee may discover or develop certain proprietary and/or confidential information of Lincare. As used herein, the term "**proprietary and confidential information**" of Lincare shall include all information of or relating to Lincare (including, but not limited to, present or prospective market, sales, product, customer and referral source information, prices and pricing structure, contractual arrangements, company practices, policies and procedures,

Lincare Inc

By: ______________________

Title: Sec/ Atty

______________________
JAMES DOYLE